HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LL MILLS and CATHERINE MILLS, husband and wife, et al., | Case No. C06-5385  RBL |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| v. | |
| CITY OF SUMNER, a municipal corporation, | |
| Defendant. | |

This matter is before the Court on Defendant City of Sumner's Motion to dismiss all claims by all plaintiffs in this action. [Dkt. #6]  Since the motion was filed, Plaintiffs have voluntarily dismissed the claims of Plaintiffs Suss, Goodchild and Schelemein.  Eleven Plaintiffs thus remain in the case.  They claim that two City Ordinances, Nos. 2014 and 2015 (as amended by Ordinance Nos. 2055 and 2166, respectively) are facially unconstitutional, under both the Washington and the United States Constitutions.

From the parties respective evidentiary filings and the complaint, it appears that the Ordinances[1] relate to the so called "East Main Street Design Plan." This Plan apparently seeks to change the pattern of development on East Main to reflect Sumner's "Historical Downtown."  New buildings will be built toward

---

[1]Largely absent from either side's briefing is a description of the Ordinances' actual impact, generally or on the plaintiffs specifically.  It is apparent from the evidence that a property owner within the Plan area wishing to do either "minor" or "major" development on his or her property, as those terms are defined in the Plan, may be required to dedicate five feet of frontage for a sidewalk, and in some cases must build and or dedicate a portion of the back of the subject property for shared parking. These obligations are triggered when a property owner applies for a building permit to do the development.

the street front, with wide sidewalks and shared parking in the rear of the buildings.  Plaintiffs broadly allege that they will require a property owner to "give the City 29 [or 21] feet of property" as a condition of developing their property.  They allege that as a result of the Plan, they have been damaged and cannot market their properties.

A subset of the Plaintiffs in this case sued and/or were witnesses in a similar litigation filed and pursued through trial in the state court in 2002.  The state court dismissed the majority of those claims because the plaintiffs had not applied for any permits, holding that their alleged claims were not ripe.  One claim, regarding plaintiffs' contention that 60% of some portion of property owners had voted against the Plan, went to trial and the Plaintiffs did not prevail.

The City moves under Fed. R. Civ. P. 12 to dismiss the claims of all plaintiffs on the bases of standing, claim and/or issue preclusion, and ripeness.  The City argues that while the majority of the Plaintiff DeJean's claims in the state court action were dismissed without prejudice as not yet ripe, that finding is binding on him here as nothing has changed since that determination.  In any event, the City argues that none of the Plaintiffs have shown that they have sought or have pending permit applications which would or might trigger the Ordinances' application.  Thus, it argues, none of the plaintiffs have asserted a justiciable controversy and their claims must be dismissed.

The City also argues that those plaintiffs who have not and cannot allege that they own property even potentially subject to the Plan have no standing to assert any claims in this case.  The court agrees.  Three of these plaintiffs, Suss, Goodchild, and Schleman, have voluntarily dismissed their claims.  Apparently, the claims of alleged non-owners Jelsma and Sheeran remain, though they have not demonstrated ownership or other interest in property subject to the Plan.  Absent a showing of ownership of property even potentially subject to regulation by the Plan, the claims of these "non-owners" are DISMISSED.

The remaining Plaintiffs emphasize the "without prejudice" nature of the dismissal in state court, and do not dispute that they have not applied for any permits.  Instead, they rely on their own testimony that efforts to sell their property have been negatively impacted by the Plan's existence, and their claim that the Plan is facially unconstitutional.

As an initial matter, because both sides have submitted affidavits and other evidence, the Motion to dismiss will be treated as one for summary judgment under Rule 56.  Summary judgment is appropriate when,

viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**1.      Res Judicata.**

The City's preclusion arguments do not necessitate dismissal. Only Plaintiff DeJean was a party to the earlier litigation, and it is apparent that his claims were dismissed in that case because they were not yet ripe. There was no final adjudication, even as to DeJean, and the prior determination of a lack of ripeness as to him is not entitled to preclusive effect.

**2.      Standing.**

A plaintiff must present a justiciable case or controversy in order to state a claim. Specifically, as outlined in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) a plaintiff must meet his burden of establishing standing, which requires the proof of three elements:

> The irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." The party invoking federal jurisdiction bears the burden of establishing these elements.

*Id.*

Plaintiffs do not dispute this standard. Instead, they cite generally to *Peste v. Mason County*, 136 P.3d 140 (Wash. 2006) for the proposition that, in a facial challenge to a land use regulation, the Plaintiff is not required to address the "ripeness" issue. *Peste* does not say that in so many words. Rather, it explains :

> Under a facial challenge to land use regulations, the landowner must demonstrate that the mere enactment of the regulation, and its application to any property, constitutes a taking. To prove that a statute on its face effects a taking by regulating the permissible uses of property, the landowner must show that the enactment of the regulation denies the owner all economically viable use of the property. A facial challenge in which the court determines a regulation denies all economically viable use of property should prove to be a relatively rare occurrence.

*Peste*, 136 P.3d at 148 (internal quotations omitted).

Though it is unlikely, the Defendant's Motion (and the Plaintiffs responses) do not address whether the Plan deprives some or all of the plaintiffs of all economically viable use of their respective properties. The court invites additional motion practice addressing the substance of Plaintiffs' claims, but the Motion to Dismiss on ripeness/standing and res judicata bases is DENIED. The Motion to Dismiss the claims of non-owner Plaintiffs Jelsma and Sheeran is GRANTED and those claims are DISMISSED.

DATED this 16th day of January, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE